# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES HARMAN, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:17-0135 |
| v. | : | (MANNION, J.) |
| KATRINA TOBASH and BB&T BANK, | : | |
| Defendants | : | |

## MEMORANDUM

Pending before the court is the report of Magistrate Judge Martin C. Carlson, which recommends that the defendants' motion to dismiss be granted. (Doc. 14). Upon review, the report and recommendation of Judge Carlson will be adopted in its entirety.

By way of relevant background, the plaintiff filed the instant action on January 25, 2017, in which he alleges that the defendants engaged in a racketeering scheme of which he was a victim. (Doc. 1). The complaint was served upon the defendants, after which the instant motion to dismiss was filed on March 9, 2017. (Doc. 5).

On March 10, 2017, the plaintiff filed a motion for summary judgment in which he argued that he was entitled to judgment as a matter of law because "[t]he defendants have failed to deny any of the claims [and] [f]ailure to deny is an admission the claims are true." (Doc. 7). On March 13, 2017, Judge Carlson filed his initial report in this action, in which he recommended that the

plaintiff's motion for summary judgment be dismissed without prejudice because the plaintiff's motion rested on an erroneous legal and factual premise. Because the defendants had pending a motion to dismiss the plaintiff's claims, Judge Carlson correctly provided that they were not required to submit an answer which admitted or denied the factual allegations presented in the plaintiff's complaint. It would only be after the defendants' motion to dismiss is resolved, and if the complaint is not dismissed, that the defendants would be required to admit or deny the facts alleged in the complaint. See Fed.R.Civ.P. 12(a)(4). As a result, Judge Carlson recommended that the plaintiff's motion for summary judgment be dismissed without prejudice. No objections were filed to Judge Carlson's report. By memorandum and order dated May 10, 2017, the court adopted Judge Carlson's report in its entirety and the matter was remanded to Judge Carlson for further proceedings.

By way of the court's Standing Practice Order issued on January 25, 2017, the plaintiff was notified of his duty to respond to defense motions like the defendants' motion to dismiss which is currently pending. Despite this, the plaintiff never responded to the defendants' motion to dismiss. As such, on April 3, 2017, Judge Carlson entered an order which provided the plaintiff with a second notice of his duty to respond to the defendants' motion to dismiss. (Doc. 13). The plaintiff was given until April 14, 2017, to do so, and was

informed of the provisions of Local Rule 7.6 which imposes an affirmative duty upon the plaintiff to respond to such motions. The plaintiff was forewarned that his failure to respond may result in the defendants' motion being deemed unopposed and granted.

As of April 19, 2017, the plaintiff had failed to comply with Judge Carlson's direction and respond to the defendants' motion to dismiss. Accordingly, on that date, Judge Carlson issued the pending report in which he recommends that the defendants' motion to dismiss be granted. Initially, Judge Carlson recommends that, under Local Rule 7.6, the plaintiff should be deemed to concur in the motion to dismiss since he has failed to timely oppose the motion or otherwise litigate this matter. Judge Carlson notes that the plaintiff was given specific direction to comply with the Local Rules and failed to do so. As such, Judge Carlson correctly points out that the Local Rule can be applied to grant the defendants' motion to dismiss without an analysis of the complaint's sufficiency. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991). In the alternative, Judge Carlson recommends that dismissal is warranted under Fed.R.Civ.P. 41 for failure to prosecute. In so recommending, Judge Carlson reviewed each of the factors set forth in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). He determined that each of the six factors weighs in favor of granting the defendants' motion to dismiss. With the time for doing so having passed, no

party has filed objections to Judge Carlson's report and recommendation.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.,* 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The court has reviewed the reasons presented by Judge Carlson for recommending that the defendants' motion to dismiss be granted. Because the court agrees with the sound reasoning that led Judge Carlson to the conclusions in his report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: May 11, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0135-02.wpd